UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID P. CARRERE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14267** |
| **JERRY CARPENTER, ET AL** | **SECTION "A" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual and Procedural Background**

The plaintiff, David Carrere ("Carrere"), is an inmate housed at Caldwell Correctional Center at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. Carrere filed the complaint against Sheriff Jerry Carpenter of the Terrebone Parish Sheriff Department, Mr. Shane Lebeouf, and Mrs. Shane Lebeouf complaining that Sheriff Carpenter did not arrest Mr. and Mrs. Lebeouf after they attacked him on July 2, 2010.

Carrere alleges that on July 2, 2010 he was attacked by the Lebeoufs and beaten badly enough to place him in the hospital. Carrere also alleges that he had emergency surgery as a result of the attack. *Id.* At this time, Carrerre seeks damages for his medical expenses from the Lebeoufs, charges to be brought against the Lebeoufs, and to hold the Sheriff accountable for not pressing charges. For the following reasons, the claims against the named defendants are subject to dismissal.

## II. Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Sheriff Carpenter

Carrere asserts that Sheriff Carpenter has violated his constitutional rights by not arresting the Lebeoufs. A state actor may be liable under § 1983 only if he "was personally involved in the

acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). Under Section 1983, "the plaintiff must prove both the constitutional violation and that the action was taken under color of state law." *Gibson v. Gusman*, No. 14-2273, 2015 WL 5060854, at *5 (E.D. La. Aug. 18, 2015) (first citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156 (1978) then citing *Polk County v. Dodson,* 454 U.S. 312 (1981)). Here, Carrere cannot prove that his constitutional rights have been violated because the Courts have not recognized a constitutional right to have someone arrested. *See Njos v. United States*, 2015 WL 5174011, at *1 (M.D. Penn. Sept. 2, 2015) (collecting cases showing "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding that such relief simply is unavailable in a civil lawsuit.").

For the foregoing reasons, the claim against Sheriff Carpenter is therefore frivolous and otherwise fails to state a claim for which relief can be granted.

**IV.    Mr. and Mrs. Shane Lebeouf**

Carrere has named Mr. and Mrs. Shane Lebeouf as defendants in this matter for their alleged physical assault of Carrere in 2010. However, as the Fifth Circuit has explained:

> Section 1983 affords redress only for conduct committed by a person acting under color of state law. A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law".

*Thibodeaux v. Bordelon*, 740 F.2d 329, 332-33 (5th Cir. 1984). Carrere's complaint has not alleged any facts that the Lebeoufs acted under state law in their alleged assault of Carrere. As such, the

acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). Under Section 1983, "the plaintiff must prove both the constitutional violation and that the action was taken under color of state law." *Gibson v. Gusman*, No. 14-2273, 2015 WL 5060854, at *5 (E.D. La. Aug. 18, 2015) (first citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156 (1978) then citing *Polk County v. Dodson,* 454 U.S. 312 (1981)). Here, Carrere cannot prove that his constitutional rights have been violated because the Courts have not recognized a constitutional right to have someone arrested. *See Njos v. United States*, 2015 WL 5174011, at *1 (M.D. Penn. Sept. 2, 2015) (collecting cases showing "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding that such relief simply is unavailable in a civil lawsuit.").

For the foregoing reasons, the claim against Sheriff Carpenter is therefore frivolous and otherwise fails to state a claim for which relief can be granted.

**IV.    Mr. and Mrs. Shane Lebeouf**

Carrere has named Mr. and Mrs. Shane Lebeouf as defendants in this matter for their alleged physical assault of Carrere in 2010. However, as the Fifth Circuit has explained:

> Section 1983 affords redress only for conduct committed by a person acting under color of state law. A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law".

*Thibodeaux v. Bordelon*, 740 F.2d 329, 332-33 (5th Cir. 1984). Carrere's complaint has not alleged any facts that the Lebeoufs acted under state law in their alleged assault of Carrere. As such, the

claims against Mr. and Mrs. Shane Lebeouf are therefore frivolous and otherwise fails to state a claim for which relief can be granted.

V.     **Recommendation**

It is therefore **RECOMMENDED** that David Carrere's § 1983 claims against Sheriff Jerry Carpenter, Mr. Shane Lebeouf, and Mrs. Shane Lebeouf be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 24th day of October, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.